THE MISSOURI PACIFIC RAILWAY COMPANY v. THE
STATE OF KANSAS.
No. 13.701.    (77 Pac. 286.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Railroad Commission Act Construed.* The law creating a board of railroad commissioners for this state, and providing for the enforcement of orders made by that tribunal, expressly preserves all other remedies existing by virtue of statutes or of common law for the redress of grievances of which the board may take cognizance.

2. STATUTORY CONSTRUCTION—*Judicial Construction in State of its Origin Not Absolutely Controlling.* The rule that the judicial construction given a statute in the state of its origin follows it into the state of its adoption is not absolutely controlling in all cases, and it cannot prevail against an express provision inserted in the statute at the time of its adoption, indicating a different legislative intention.

Error from Coffey district court; DENNIS MADDEN, judge. Opinion filed June 11, 1904. Affirmed.

*Waggener, Doster & Orr,* for plaintiff in error.

*C. C. Coleman,* attorney-general, and *Henry E. Ganse,* county attorney, for The State.

The opinion of the court was delivered by

BURCH, J. : The state, upon the relation of the county attorney of Coffey county, brought an action of mandamus to compel the Missouri Pacific Railway Company to restore to its former condition of usefulness a highway-crossing which had been impaired by a reconstruction of the company's railroad. After a trial a peremptory writ was awarded in accordance with the prayer of the petition.

The railway company contends here, as it did in the district court, that the board of railroad commissioners have exclusive jurisdiction of the controversy. That the board of railroad commissioners have jurisdiction in the premises the state does not deny, but it regards the remedy afforded by the law creating that body as cumulative to those existing by virtue of the common law. This position is assumed on account of the statute itself. Section 5998 of the General Statutes of 1901 makes it the duty of every railroad company to obey all reasonable orders of the board of railroad commissioners, made under authority of law, and provides for the enforcement of such orders, but concludes as follows :

"The remedies provided by this section shall not be deemed to exclude or limit any other remedies provided in this act or existing in virtue of any other statutes or common law, but shall be additional thereto."

The language quoted does not mean simply that other statutory and common-law remedies may be utilized to compel obedience to orders of the board, but its purpose was to save all other remedies for the redress of grievances, even though such grievances be cognizable by the board.

The railroad company argues that the portions of the railroad-commission law applicable to the facts of this case were adopted from the statutes of Nebraska, and that prior to their adoption the Nebraska law had been construed by the highest court of that state to require the action of the railroad commission before any adversary proceeding could be commenced against the offending company, and that, since the railroad-commission law provides a plain and adequate remedy, such remedy must by employed. (Laws [Neb.] 1885, ch. 65, § 2.; *State v. R. V. R. R. Co.*, 17 Neb. 647, 24 N. W. 329, 52 Am. Rep. 424.) Since the decision of the case of *Bemis v. Becker*, 1 Kan. 226, it has been the law of this state that the judicial construction given a statute in the state of its orgin follows it into the state of its adoption. Therefore, the company claims the Nebraska case to be controlling. Conceding the origin of the law to be as stated, the Nebraska statute contains no provision of the character of the one quoted above from the statute of this state. The rule of interpretation announced in *Bemis v. Becker* is of general application only. It is not absolutely controlling in all cases, and cannot prevail against an express provision inserted in the statute at the time of its adoption, indicating a different legislative intention. If it were necessary to support so plain a proposition by authorities, they might be found in the decisions of the supreme court of Nebraska. (*Nebraska Loan & Building Association v. Marshall*, 51 Neb. 534, 71 N. W. 63; *Goble v. Simeral*, 93 N. W. [Neb.] 235.)

It is conceded that, aside from the railroad-commission law, an ordinary action of mandamus will lie to compel a railway company to restore to their former

condition highway-crossings it may have disturbed. Therefore, the district court was not without jurisdiction, and its judgment is affirmed.

All the Justices concurring.